## J. H. DAVIS *v.* T. H. MURRAY.

[Abstract Kentucky Law Reporter, Vol. 5—239.]

**Lien Reserved in Conveyance of Land.**

Where a lien exists for purchase-money, and a third person loans the debtor the money with which to pay such purchase-money under an agreement expressed in the note he took from the debtor that he was to retain and have the lien theretofor held by the grantor, his lien is good as against such land.

APPEAL FROM METCALFE CIRCUIT COURT.

September 8, 1883.

OPINION BY JUDGE PRYOR:

It is manifest that the lien created by the conveyance from Witty to Davis was extinguished by the payment on the part of Nunn of the purchase-money note. It was simply a loan of money, as the appellant insists, by which the purchase-money note was paid off. It is alleged, however, that a lien was to be held by Nunn under an express agreement between the parties, and that the lien was retained by the note executed in lieu of the purchase-money note. It is clearly shown that such was the agreement, and the note itself delivered by the appellant to Nunn expresses on its face that he is to have this lien; that he retained a lien on the land for the amount of money with interest and gives a description of the land, the same conveyed to him by Witty. It will be conceded that as to creditors and purchasers such a lien could not be asserted by the holder of the paper, but as between the parties the lien is as effectual as if entered of record.

The only question about which there is any doubt arises as to the agreement to pay ten per cent. interest on the amount. The money was loaned during the period when the ten per cent. law was in force, and if a loan of money only there is no reason why it can not be enforced. If it were a mere renewal of the purchase-money note it might be different, but the appellant insists that it was a loan and that it extinguished the original lien; and that such was the case is shown by the entire testimony in the record. The only question, therefore, is, Could a lien be created by the parties and embodied in the note by which the land was to be held as an indemnity? We perceive no reason why such an agreement is not binding as between the parties, and the chancellor below acted properly in enforcing it.

As to the payments alleged to have been made by the appellant we think the proof shows he has received credits for all sums paid on the land. It is scarcely reasonable to suppose that he would pay $700 or $800 and long after the payment execute notes or a note omitting such a large credit when the entire indebtedness was only $2,600, and besides the proof shows that it was never paid. He accepted the deed and entered upon the land, and there remained for

years, ignorant as he says of the true boundary of the land, and is now asserting a claim to land that had been sold off from the tract purchased by him years before and in the possession of others, as being within the boundary purchased. He asks a revision or a reduction in the price by reason of this deficit in the land. We think the proof is entirely satisfactory that he obtained all the land he purchased, and that neither his claims as to boundary nor the alleged payments is sustained by any fact or circumstance outside of his own testimony, and this should not prevail against facts and circumstances proved in the case in direct conflict with his statement. It was not necessary to allege a good title in the vendors to make the petition good. Appellant had accepted a conveyance and was in the possession.

Judgment·*affirmed*.

Judge Lewis not sitting.

*Grinstead & Basham, W. L. Porter, for appellant.*

*William Lindsey, Boles & Muncie, for appellees.*